UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| D.R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-30085-MGM |
| | ) | |
| GREGG BIGDA, LUKE COURNOYER, | ) | |
| RUPERT DANIEL, POLICE | ) | |
| COMMISSIONER JOHN R. BARBIERI, and | ) | |
| CITY OF SPRINGFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO
RECONSIDER: JANUARY 12, 2021, SCHEDULING ORDER
(Docket No. 38)

ROBERTSON, U.S.M.J.

I.     Introduction

Gregg A. Bigda ("Bigda"), a defendant in this case, is also the defendant in a criminal

case, *United States v. Gregg Bigda*, No. 3:18-cr-30051-MGM (D. Mass. filed Oct. 25, 2018)

pending in this court.  The charges in the criminal case arise from the events that are the basis of

plaintiff D.R.'s ("Plaintiff") claims against Bigda in the instant action.  Plaintiff's case has been

assigned to the undersigned for pretrial management (Dkt. No. 26).  In the joint statement filed

by the parties in advance of the December 21, 2020 Fed. R. Civ. P. 16(b) scheduling conference,

the parties indicated that because Bigda was facing trial on criminal charges, "he [would] request

a stay of discovery that is addressed to him" (Dkt. No. 29 at 5).  The court's Rule 16(b)

Scheduling Order, entered following a videoconference hearing with counsel for all parties,

provided, in pertinent part, that Bigda was "not obligated to answer interrogatories or requests

for admissions, or give deposition testimony until his criminal trial is completed to verdict.  He

1

will respond to document production requests" (Dkt. No. 36).  Plaintiff seeks reconsideration of this portion of the scheduling order, arguing that "a significant change in facts has occurred while a balancing analysis was not done" (Dkt. No. 39 at 1).  For the reasons set forth below, Plaintiff's motion is DENIED.

II.     Applicable Legal Principles

A motion for reconsideration is a remedy that is to be used sparingly and that should be granted only when a court "has misapprehended some material fact or point of law …." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

It is black letter law that "federal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), *Marquis v. FDIC*, 965 F.2d 1148, 1154-55 (1st Cir. 1992)).  It is equally well-settled that "[t]he pendency of a parallel or related criminal proceeding can constitute such a reason." *Id.* (citing *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995)).  Nonetheless, a defendant in a criminal case has no constitutional right to a stay simply because he or she is also the subject of a parallel civil case and such a defendant bears the heavy burden of showing that a stay is warranted. *Id.* at 77-78.  A trial court's decision on whether the stay civil litigation "in deference to parallel criminal proceedings is discretionary." *Id.* (citing *Acton Corp. v. Borden, Inc.*, 670 F.2d 377, 380 (1st Cir. 1982)).

The First Circuit has identified seven factors as bearing on a trial court's decision on whether to stay civil proceedings that parallel a pending criminal case:

> 1) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, 2) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem, 3) the convenience of both the civil and criminal courts, 4) the interests of third parties, 5) the public interest,

6) the good faith of the litigants (or the absence of it) and 7) the status of the
cases.

*S.E.C. v. TelexFree, Inc.*, 52 F. Supp. 3d 349, 352 (D. Mass. 2014) (citing *Microfinancial, Inc.*,

385 F.3d at 78).  A court should also consider the extent to which the issues in the civil and

criminal cases overlap.  *Id.* (citing *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal.

2008); *In re WorldCom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288, 02 Civ 4816, 2002 WL 31729501, at

*3-4 (S.D.N.Y. Dec. 5, 2002)).  This latter factor has been described as the threshold or most

important factor that a trial court should consider.  *Green v. Cosby*, 177 F. Supp. 3d 673, 678 (D.

Mass. 2016) (citing *TelexFree*, 52 F. Supp. 3d at 352, *In re Derivative Litig., Herley Indus. Inc.*,

Civil Action No. 06-02964, 2007 WL 1101276, at *1 (E.D. Pa. Apr. 11, 2007); Judge Milton

Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)).  When a court has

parallel proceedings such as those faced by Bigda pending before it, the court should avoid

imposing a general stay and should, instead, "allow civil proceedings to progress as much as

possible without prejudicing the relative interests of the litigants."  *Green*, 177 F. Supp. 3d at 679

(citing *Parallel Civil & Criminal Proceedings*, 129 F.R.D. at 211).

In *Green*, a similar case that was filed in this division of the court, presiding District

Judge Mark G. Mastroianni described the legal situation facing a defendant in Bigda's position

as a "precarious dilemma" in which he will have "to choose whether to assert his Fifth

Amendment privilege against self-incrimination (which could place him at a severe disadvantage

in [the civil case] case) or waive that privilege (and thus potentially incriminate himself in the

criminal case)."  *Id.* at 676.

III.   <u>Analysis</u>

Plaintiff makes the fair point that a trial court should spell out its rationale for granting a

defendant's request to stay discovery, even in part, in a civil proceeding that parallels a pending

criminal case. *See Microfinancial, Inc.*, 385 F.3d at 77. Accordingly, this court here spells out its rationale for granting Bigda the partial stay in discovery that he sought in the instant case and for denying Plaintiff's motion for reconsideration of that decision.

As to the threshold and arguably most important issue, there is a complete overlap in the facts that are the basis of the parallel criminal and civil proceedings at issue. The criminal indictment and the civil complaint are based on events that occurred during the night of February 26 to 27, 2016 involving Plaintiff and three other individuals, all of whom were juveniles at the time. In summary, it is alleged that Plaintiff and his companions stole an unmarked Springfield Police Department ("SPD") vehicle that was left running outside of a pizzeria. Police officers stopped the vehicle in Palmer later in the night. Plaintiff and two of his companions were taken into custody in Palmer. An SPD captain authorized Bigda and other SPD officers to leave Springfield to retrieve the stolen SPD vehicle (Dkt. No. 1, Compl., ¶¶ 3, 31). Plaintiff alleges that, after arriving in Palmer, Bigda kicked Plaintiff in the head repeatedly while he on the ground, face-down and restrained by handcuffs (Compl., ¶¶ 2, 46). There is a videotape of Bigda's subsequent interrogation of Plaintiff, which was conducted in the Palmer police station without an adult or an attorney present (Compl., ¶¶ 2, 56, 60-62). Plaintiff was a minor at the time (Compl., ¶ 61).

In the criminal case, Bigda is charged with excessive use of force, deprivation of civil rights under color of law based on the interrogation, and the filing of a false report concerning the events of February 26-27, 2016. In the civil case, Plaintiff has asserted claims against Bigda pursuant to 42 U.S.C. § 1983 for excessive use of force in violation of his constitutional rights based on the events of February 26-27, 2016 (Compl. ¶¶ 18-68, 177-80). "The cases will almost certainly rely on identical witnesses [and] evidence." *TelexFree*, 52 F. Supp. 3d at 352. The

4

court took this into account in entering the partial stay at the initial scheduling conference.  The civil and criminal proceedings pending against Bigda have been covered extensively by the local media and, as the court assigned to conduct preliminary matters in the criminal case against Bigda and most pretrial matters in the instant action, this court knew the particulars of the criminal charges and the civil claims against Bigda when it granted Bigda's request to defer his obligations to answer interrogatories and requests for admission and to provide deposition testimony.

As to a detriment to Plaintiff, delay in a civil case generally gives rise to some prejudice to a plaintiff and the commencement of Bigda's criminal trial has now been postponed to November 29, 2020.  Nonetheless, there is already a substantial factual record developed during multiple investigations of Plaintiff's core allegations.  Trial of the criminal charges against Bigda will almost certainly add to that record and may strengthen some aspects of Plaintiff's claims. *See id.* at 353 (a stay would conserve judicial resources because, if criminal convictions are obtained, defendants would be estopped from re-litigating issues decided against them; this would expedite resolution of the civil action).  While Plaintiff's concerns about the ability to obtain discovery from Bigda if he is convicted at trial have some validity, the time between conviction and sentencing is generally at least three to four months and, even if Bigda were to be convicted and incarcerated pending sentencing, *see* 18 U.S.C. § 3143, he would be held locally and could consult with counsel and be deposed.  *See* Fed. R. Civ. P. 31(a)(2)(B).  The partial stay of discovery entered by the court – which applies only to Bigda and not any other defendant named in the complaint – does not protect Bigda from responding to document production requests served by Plaintiff while other discovery directed at him is stayed (Dkt. No. 36), so that

Plaintiff's counsel can prepare for Bigda's deposition with a minimum of delay following a verdict in the criminal case.

As to the convenience of the court and the respective status of the cases, the criminal case was indicted in October 2018 and is ready for trial; this case was not filed until June 2020 and will not be trial-ready for some time. The partial stay in discovery will not substantially delay resolution of the civil case.

The presiding District Judge in the instant case explained the prejudice faced by a defendant in Bigda's position in the *Green* case, stating that the most "pressing consideration" was a defendant's Fifth Amendment privilege against self-incrimination. *See Green*, 177 F. Supp. 3d at 679. The prejudice to Bigda is not theoretical. He has at least a partial defense to Plaintiff's claims in the instant case in that he denies that he physically assaulted Plaintiff and asserts that a different police officer did so (Dkt. No. 40 at 6-7). If he waives his Fifth Amendment privilege in the civil case, he still "faces the prospect of incriminating himself in the criminal case by disclosing evidence that may tend to support a conviction." *Id.* at 679. If he invokes his Fifth Amendment rights in response to interrogatories, requests for admission, and at deposition in the instant case, then an adverse inference may be drawn from his invocation of the privilege, and the jury would be permitted, although not required, to draw an adverse inference from his invocation of his Fifth Amendment rights. *See, e.g., United States v. Stein*, 233 F.3d 6, 15 (1st Cir. 2000) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 317 (1976)) ("[T]he Supreme Court has adhered to the prevailing rule that the Fifth Amendment does not forbid allowing adverse inferences to be drawn against parties to civil actions from their refusal to testify in response to probative evidence offered against them."). If Bigda asserts his Fifth Amendment rights during discovery, he likely will be barred from offering testimony at trial about the events

of February 26-27, 2016 because that would be unfair to Plaintiff.  *See Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 577 (1st Cir. 1989) ("A defendant may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial.") (citing *Bramble v. Kleindienst*, 357 F. Supp. 1028, 1035-34 (D. Colo. 1973)).  Bigda argues that Plaintiff seeks to exploit his dilemma by taking his deposition at a time when he will have little choice but to invoke his Fifth Amendment rights, thereby preventing him from testifying in the instant case about what he claims happened in the early morning hours of February 27, 2016 (Dkt. No. 40 at 6-7).  *See Green*, 177 F. Supp. 3d at 679.

Plaintiff has not argued that interests of third parties or the public are adversely impacted by the partial discovery stay ordered by this court.  As Bigda contends, the public's interest will be vindicated adequately in the criminal case (Dkt. No. 40 at 7).

In entering the partial stay of discovery directed to Bigda, this court was guided by the views Judge Mastroianni expressed in *Green* about Fifth Amendment rights.  Judge Mastroianni is also the presiding District Judge in this case.  Those views apply with more force in this case than they did in *Green*, where the civil and criminal cases were not entirely parallel because the defendant was not facing criminal prosecution for the same conduct on which the plaintiffs' civil claims were based.  *See id.* at 679-80.  Here, in contrast, the cases are entirely parallel:  Bigda is being prosecuted criminally for the conduct that is the basis of Plaintiff's civil rights claims.  Plaintiff has not pointed to any authority supporting his claim that there has been a change in circumstances because Bigda has invoked his Fifth Amendment rights in other civil proceedings, and the contention is unpersuasive (Dkt. No. 39 at 3-5).  According to Bigda, he sought and was denied a stay in discovery in a civil case pending the Superior Court Department of the Massachusetts Trial Court (Dkt. No. 40 at 8).  The Superior Court decision is not binding on this

court, nor does Bigda's invocation of his Fifth Amendment rights in a different case in a different forum diminish his interest in protecting himself from liability in a case filed in this court. Further, it is not apparent to this court that Bigda's invocation his Fifth Amendment rights in other proceedings, over objection, will be admissible in this case.

Similarly, the case of *State v. Kobrin Secs., Inc.*, 544 A.2d 833 (N.J. 1988), on which Plaintiff relies, does not support his position. The *Kobrin* case addressed the right of the State of New Jersey to pursue criminal charges for fraud against securities dealers while also seeking financial penalties and to revoke their licenses to trade securities through civil proceedings. *Id.* at 836-37. The New Jersey Supreme Court held that the trial court had not appropriately weighed the public interest against the defendants' interests where the relief sought *by the State* was to prevent continued injury to the public. *Id.* at 837. The case was remanded so the trial court could balance the rights of the defendants and those of the State. *Id.* at 837-38. Here, this court has conducted the balancing test required when the rights at issue are those of private parties. Plaintiff has not shown that the delay, if any, that might arise from the limited partial stay of discovery ordered by this court, balanced against the potential harm to Bigda, will unduly prejudice Plaintiff.

III.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Reconsider January 12, 2021, Scheduling Order is DENIED.

It is so ordered.                                        Katherine A. Robertson
                                                        KATHERINE A. ROBERTSON
                                                        UNITED STATES MAGISTRATE JUDGE

Dated: March 18, 2021