UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____
D.R.,                                                                  )
                                                                            )
       Plaintiff                                                 )
v.                                                                        )
                                                                            )
GREGG BIGDA, LUKE COURNOYER,       )    C.A. No. 3:20-cv-30085-MGM
RUPERT DANIEL,                                           )
POLICE COMMISSIONER JOHN              )
R. BARBIERI, and CITY OF SPRINGFIELD, )
                                                                            )
       Defendants                                            )
_____

**CITY OF SPRINGFIELD'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

*I.    Introduction*

NOW COMES the Defendant, the City of Springfield ("City") in the above-entitled action and hereby respectfully request this Honorable Court deny the motion to compel filed by the Plaintiff in the above captioned matter.

This action arises out of claims of excessive force at the hands of Springfield Police Officers that took place on or about February 26, 2016. Briefly, the Plaintiff was a passenger in an undercover Springfield police car, that had been stolen on February 26, 2016. Members of the Springfield Police Department (SPD) narcotics unit went to Palmer upon learning the stolen car had been stopped by Wilbraham Police Officers. The Plaintiff alleges he was subjected to excessive force both by members of the SPD and was subjected to an illegal interrogation. Plaintiff filed his Complaint on June 10, 2020.

In April of 2018 the Department of Justice (DOJ) began an investigation into the practices of the members of the SPD narcotics division. That investigation and the resulting

report included references to the incident which forms the basis of this complaint.  In July, 2020 the City of Springfield received the report from the DOJ.  (Exhibit 1.)  The report concluded that there was probable cause to believe that the members of the SPD narcotics division engaged in a pattern of practice of unconstitutional conduct, including excessive force.

      As a result of the receipt of this report City Solicitor Edward Pikula, Chief Legal Officer for the City of Springfield, met with Police Commissioner Cheryl Clapprood, and members of the SPD leadership team, to discuss the report and to determine next steps.  (Affidavit of Edward M. Pikula dated 10/1/2021 attached as Exhibit 2).  The report had referenced various incidents alleged to have occurred and which involved SPD officers.  (Exhibits 1 and 2).  Some of the incidents alleged were readily identifiable, but many were not.  (Exhibit 2.)  Attorney Pikula requested that the SPD review records and the report and attempt to identify dates of incidents, police officers and any other individuals referenced in the DOJ report in order to prepare for the pending "pattern and practice" litigation which DOJ was pursuing against the City.  (Exhibit 2). The purpose of the request was both to determine defense strategies, and to inform the Solicitor's ability to assess and advise the City as the litigation proceeded.  (Exhibit 2).  Attorney Pikula has been actively negotiating a resolution to the DOJ investigation since December of 2020. (Exhibit 2).

      Deputy Chief Stephen Kent reviewed departmental records, and generated a report dated October 2, 2020[1].  (Exhibit 2).  The report contained not only factual recitations, but the mental impressions, conclusions and opinions of a local government employee.  (Exhibit 2).

---

[1] This report is referred to as the "Kent Report" by the Plaintiff.

On July 2, 2021 Attorney Pikula supplied documents utilized by Deputy Chief Kent to the Hampden County District Attorney's ("HCDA"). (Exhibit 2). The HCDA requested a copy of the Kent Report. Attorney Pikula declined to produce the report, and asserted it was his opinion the report is and should be protected from disclosure by the work-product privilege. The Plaintiff, D.R., has now filed the within motion to compel disclosure of the Kent Report.

## II.     *Issue Presented*

Whether the report at issue should be protected from disclosure in this matter under the work product protection afforded by Rule 26 (b)(3) of the Federal R. Civ. P.

## III.    *Argument*

Documents are entitled to work product protection if they are "prepared in anticipation of litigation" by a party's attorneys or other representatives. Fed. R. Civ. P. 26(b)(3). The attorney work-product doctrine was first established in *Hickman v. Taylor*, 329 U.S. 495 (1947), "and focused at the outset on the materials that lawyers typically prepare for the purpose of litigating cases." *U.S. v. Textron Inc. & Subsidiaries*, 577 F.3d 21, 26 (1st Cir. 2009) (en banc). The doctrine is partially codified in Fed. R. Civ. P. 26(b)(3), which protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A).

The First Circuit elaborated on the attorney work-product doctrine in *Textron*, explaining that work-product protection is focused on "materials prepared for use in litigation, whether the litigation was underway or merely anticipated." *Textron*, 577 F.3d at 29. The court continued: "[M]aterials assembled in the ordinary course of business ... or for other nonlitigation purposes

are not under the qualified immunity provided by this subdivision." *Id.* at 30 (quoting Fed. R. Civ. P. 26 advisory committee's note (1970)); *see U.S. ex rel. Wollman v. Mass. Gen. Hosp., Inc.,* No. CV 15-11890-ADB, 2020 WL 4352915, at \*\*9-10 (D. Mass. July 29, 2020); *Zagklara v. Sprague Energy Corp.*, No. 2:10-cv-445-JAW, 2011 WL 13209818, at \*2 (D. Me. Jun. 22, 2011) (holding that materials assembled in the ordinary course of business are not protected, even if prepared by lawyers and reflecting legal thinking). The First Circuit interprets the "anticipation of litigation" requirement as a "because of" test, protecting documents "prepared or obtained because of the prospect of litigation." *Maine v. Dep't of Interior,* 298 F.3d 60, 67-68 (1st Cir. 2002), (*quoting and citing United States v. Adlman,* 134 F.3d 1194, 1202 (2d Cir. 1998)).

As set out in the affidavit of Attorney Pikula, the Kent report was prepared at the request of Mr. Pikula as a result of the receipt of a report from the DOJ. It was anticipated that the DOJ would be filing a "pattern and practice" case against the City as a result of the conclusions the DOJ reached at the conclusion of its investigation, as set out in the DOJ report. (Exhibit 1). There was no other reason for the Kent report to have been generated.

Counsel for the Plaintiff operates under a misapprehension relative to the litigation that was anticipated. Plaintiff argues that there was no litigation pending or threatened relating directly to the Kent report. That, however, is not the standard. The report was clearly prepared solely to assist legal counsel in responding to the litigation that the DOJ was likely to bring as a result of the conclusions in its report.

Plaintiff also asserts that he should be provided the Kent Report even if this Court concludes the report is entitled to work product protection. Plaintiff is apparently arguing he has a "substantial need for the materials to prepare [his] case and cannot, without undue hardship,

4

obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Fed. R. Civ. P. 26(b)(3)(A)(ii).

First, as noted in the affidavit of Attorney Pikula the Kent report contains conclusions, opinions and legal theories. Rule 26(b)(3) states that a court "must protect against the disclosure of mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3). Thus, the mental impressions, conclusions, or opinions contained in the Kent report are not discoverable.

Nor can the Plaintiff establish a substantial need for the non-opinion information in the Kent report. In July of 2021 Attorney Pikula provided to the HCDA documents for 23 incidents referenced in the DOJ report. (Exhibit 3.) All of those documents are in the possession of counsel for the Plaintiff. Where the information is available through other means, the Plaintiff has failed to establish a substantial need, and the work product doctrine should be enforced. *Bryan Corp. v. Chemwerth, Inc.*, 296 F.R.D. 31, 42 (D.Mass.,2013), *Colonial Gas Co. v. Aetna Cas. & Sur. Co.,* 139 F.R.D. 269, 275 (D.Mass.1991).

### IV.    *Conclusion*

For the foregoing reasons, the City of Springfield requests the Plaintiff's motion to compel be DENIED.

                                                  Respectfully submitted,
The Defendant,
City of Springfield,
By its Attorney,

Dated: October 1, 2021                          /s/ Lisa C. deSousa
Lisa C. deSousa, Esq.,BBO #546115
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel:    (413) 886-5205
ldesousa@springfieldcityhall.com

## CERTIFICATE OF SERVICE

     I, the undersigned do hereby certify a true copy of the within was this day served upon all parties of record via the Federal Court's ECF Notice and Delivery System. I am unaware of any party who is a non-registered participant and therefore electronic filing is the sole means of this document.

Signed under the pains and penalties of perjury.

Dated:  October 1, 2021                      /s/ Lisa C. deSousa
Lisa C. deSousa, Esq.